UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED MINE WORKERS OF AMERICA, )
ET AL., )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:08CV1777SNLJ
 )
AMERICAN COMMERCIAL LINES )
TRANSPORTATION SERVICES, L.L.C., )
ET AL., )
 )
    Defendants. )

**MEMORANDUM**

Plaintiffs have filed this action seeking retirement benefits in accordance with the terms of collective bargaining agreements (CBAs) in effect as of 2004. Plaintiff United Mine Workers of America (UMWA) and the Individual Plaintiffs contend that the defendants ACL Transportation Services (ACLTS), American Commercial Lines (ACL) and American Commercial Lines Medical Plan (the Plan) made detrimental unlawful unilateral modifications to the Individual Plaintiffs' retirement medical benefits in the 2008 CBA They seek declaratory judgment, injunctive relief, compensatory damages, and "other relief" requiring the defendants to provide health benefits to the Individual Plaintiffs (retired employees or surviving spouse of a retired employee) in accordance with their respective CBAs existing at the time of their retirements. This action is brought pursuant to plaintiffs' first amended complaint: Count I - Breach of Collective Bargaining Agreement (against defendant ACLTS)[1] and Count II -

---

[1]Although no specific jurisdictional basis is stated for Count I, the parties appear to agree that this count is brought pursuant to Section 301 of the Labor Management Relations Act

Recovery of Plan Benefits under Section 502 of ERISA, 29 U.S.C. §1132 (against defendants ACLTS and ACL)[2]. This matter is before the Court on the defendants' motion to strike jury demand [35], filed February 10, 2010. Extensive responsive pleadings have been filed and this matter is now ripe for disposition. This cause of action is set for trial[3] on the Court's trial docket of July 7, 2010.

Defendants contend that plaintiffs do not have a right to a jury trial under ERISA, the LMRA, or the Seventh Amendment because the relief sought is equitable in nature. On the other hand, plaintiffs contend that because they are seeking to recover monetary damages for out-of-pocket medical expenses due to modification of their health benefits, they are entitled to a jury trial under both ERISA and the LMRA. They further contend that this action is a legal action for breach of the 2004 CBA and restoration of original health benefits entitling them to a jury trial under the Seventh Amendment.

The ERISA statutes are silent on the jury trial issue, but it is well-established in the Eighth Circuit that there is no right to a jury trial on ERISA claims. Langlie v. Onan Corp., 192 F.3d. 1137, 1141 (8th Cir. 1999); Kirk v. Provident Life and Accident Ins. Co., 942 F.2d. 504, 506 (8th Cir. 1991)(ERISA does not violate the Seventh Amendment by taking away right to jury trial); Houghton v. SIPCO, Inc., 38 F.3d. 953, 957 (8th Cir. 1994); In re Vorpahl, 695 F.2d. 318, 322 (8th Cir. 1982); Mathis v. American Group Life Ins. Co., 873 F.Supp. 1348, 1361-62 (E.D.Mo. 1994); Garred v. General American Life Ins. Co., 774 F.Supp. 1190, 1202 (W.D.Ark.

---

(LMRA), 29 U.S.C. §185.

[2]Plaintiffs voluntarily withdrew Count III (breach of fiduciary duty) in their response to the pending summary judgment motion [24]. Thus, Count III of the first amended complaint is dismissed; and, since Count III was the only count directed to defendant Plan, defendant Plan is also hereby dismissed from this cause of action.

[3]It is presently set for **jury** trial which is the issue presently before the Court.

1991); Plitt v. Ameristar Casino, Inc., 2009 WL 1297404, *5 (E.D.Mo. May 6, 2009)[4]; Boyan v. Coventry Healthcare of Nebraska, 2007 WL 119163, *6 (D.Neb. January 10, 2007); Whitmore v. Standard Ins. Co., 2006 WL 3702671, *3 (E.D.Mo. December 13, 2006); White v. Martin, 2002 WL 598432 (D.Minn. April 12, 2002). This is true even in cases wherein monetary relief is also sought as part of the ERISA claims. Vorpahl, supra. Plaintiffs contend, however, that the United States Supreme Court in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002) overturned this precedent by declaring that an ERISA action seeking monetary damages is "legal" in nature; thereby triable by a jury pursuant to the Seventh Amendment. This Court disagrees.

Great-West involved an ERISA plan providing that beneficiaries were required to reimburse the plan if they recovered any monies from a third party. Knudson, the defendant, was injured in a motor vehicle accident, and her medical expenses were covered by Great-West pursuant to her husband's employee welfare benefit plan. Knudson filed a state court lawsuit against the car manufacturer and recovered an additional sum of money in a settlement agreement. Great-West then sued Knudson under ERISA, §502(a)(3) when Knudson refused to pay Great-West the monies she recovered from her settlement. Great-West, 534 U.S. at 207.

Great-West claimed that its lawsuit was one for restitution; i.e. "other appropriate equitable relief," and therefore was an equitable action permitted under ERISA. The Supreme Court disagreed, noting that restitution actions are not necessarily equitable and that the characterization of the action depended upon the nature of the underlying remedy sought. Id., 534 U.S. at 212. The Court stated that restitution actions are "legal" when the plaintiff seeks to

---

[4]The Court will cite to unpublished opinions (generally fellow district court opinions) wherein such opinions provide this Court with guidance on the issue pending before it; i.e., right to jury trial under ERISA and/or LMRA.

impose personal liability upon the defendant to pay a sum of money, whereas actions are "equitable" when they seek "to restore to the plaintiff particular funds or property in the defendant's possession". Id., 534 U.S. at 214. Ultimately, the Court held that Great-West's lawsuit was an attempt to recover money due it under the employee benefits plan; i.e., Great-West was trying to hold Knudson personally liable for benefits Great-West had conferred upon her. Thus, the Court held that the action was based upon a legal claim for monies due and owing and could not be brought under ERISA, §502(a)(3) which permits only equitable relief. Id., 534 U.S. at 215-16.

Plaintiffs here assert that because they seek money damages -- their out-of-pocket expenses that were not covered by the 2008 CBA but that would have been covered by the 2004 CBA -- their ERISA claim is legal and must be decided by a jury. They claim support from Great-West which acknowledged that money damages is a classic form of legal relief. The lawsuit in Great-West was determined to be legal in nature because it sought to impose personal liability on the defendant to return money Great-West believed was owed to it. But in the present case the lawsuit is not over a contract to pay money separate from plan benefits. Rather, plaintiffs are suing defendants for precisely the type of restitution that Great-West held is equitable - - plaintiffs are accusing defendants, of "'hold[ing] particular funds that, in good conscience, belong' to him and other members of the Plan." *See*, White v. Martin, at *4 *citing* Great-West, 534 U.S. at 214. The plaintiffs are simply claiming that defendants have in their possession monies rightfully belonging to them, that is, the retirement benefits due under the prior 2004 CBA. The mere fact that the plaintiffs seek restoration of their retirement benefits under the 2004 CBA as "money damages" does not require this case to be characterized as a legal claim under ERISA entitling them to a jury trial rather than an equitable claim under ERISA in

which they are entitled to a jury trial.[5] *See*, Vorpahl, at 322; Mathis, at 1361-62. The Court finds that this is an equitable action under ERISA, and therefore, plaintiffs are not entitled to a jury trial on their ERISA claim.

Like ERISA, the LMRA is also silent with regard to the right to jury trial. However the plaintiffs believe they are entitled to a jury trial on their LMRA claim because it is a breach of contract action requesting money damages; i.e., legal relief. They further assert that they have a Seventh Amendment right to a jury trial because they are asserting a breach of contract action seeking money damages. After careful review, the Court disagrees.

Plaintiffs specifically bring this action as "an action for breach of a collective bargaining agreement and for violations of the Employee Retirement Security Act of 1974, 29 U.S.C. §§1001, et. seq., as amended ("ERISA'). Plaintiff seek injunctive relief and other relief requiring Defendants ... . . to provide health benefits to the individual Plaintiffs, all of whom are retired employees (or a surviving spouse of a retired employee) of ACLTS, in accordance with the terms of their collective bargaining agreement." Plaintiffs' First Amended Complaint [17], ¶1. The crux of this lawsuit is that the plaintiffs want the Court to order the defendants to reinstate the welfare benefit plans; i.e. the retirement medical benefits, that were in effect when the individual plaintiffs retired. As for their "money damages", such damages are alleged to be the medical costs not covered by the 2008 CBA which presumably would have been covered by the prior CBAs.

Even though the plaintiffs state that they are asserting a breach of contract claim, the Court finds the true nature of this claim to be equitable as opposed to legal. In Hechenberger v.

---

[5]The Court will provide further analysis regarding the connection between a claim for "money damages" and whether this constitutes "legal relief" entitling the plaintiffs to a jury trial when addressing the LMRA claim.

Western Elec. Co., Inc., 570 F.Supp. 820 (E.D.Mo. 1983), *aff'd* 742 F.2d. 453 (8th Cir. 1984), the Court stated:

> "Further, the Court is not persuaded that plaintiffs' allegation that the disability plans were `provided for' in collective bargaining agreements (second amended complaint, §6(a)) is sufficient to invoke the right to trial by jury in damage actions for breach of contract under §301 of the Labor Management Relations Act, 29 U.S.C. §185(a). *See*, *Minnis v. UAW*, 531 F.2d. 850 (8th Cir. 1975)(recognizing the right to trial by jury in such actions). The United States Court of Appeals for the Eighth Circuit noted in *Vorpahl*, *supra.* at 320, that it made no distinction between plans that were collectively bargained and those that were not. Further, and to the extent that plaintiffs' allegation that the plans were collectively bargained can be construed to allege that the defendants' practice violated the collective bargaining agreements, `an allegation of breach of contract may not alone suffice to create a jury question." *Vorpahl, supra* at 320 n.3, *citing Klein v. Shell Oil Company*, 386 F.2d. 659 (8th Cir. 1967)."

Hechenberger, 570 F.Supp. at 823. Furthermore, it is well-established that collective bargaining agreements are not governed by ordinary contract law. American Federation of State, County and Municipal Employees v. City of Benton, Ark., 513 F.3d. 874, 881 (8th Cir. 2008) *citing* Transportation-Communication Employees Union v. Union Pacific RR Co., 385 U.S. 157, 160 (1966); Amcar Division, ACF Industries, Inc. v. National Labor Relations Board, et. al., 592 F.2d. 422, 430 (8th Cir. 1979) *citing* Transportation-Communication Employees Union v. Union Pac. RR Co., *supra.*; Greater St. Louis Construction Laborers Welfare Fund, et. al. v. Hancock Demolition & Excavation Co., 2009 WL 2568049 (E.D.Mo. August 18, 2009). The fact remains that the same equitable remedy under the ERISA claim produces the same damages that may be awarded under the LMRA claim; i.e., recovery of benefits provided under the allegedly superceded retiree medical plans.

Even though there is no statutory authorization for jury trials under the LMRA, the plaintiffs may still be entitled to a trial by jury (on the LMRA claim) if it is permitted by the

Seventh Amendment. The right to a jury trial under the Seventh Amendment depends on the nature of the issue to be tried and the remedy sought. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990); Tull v. United States, 481 U.S. 412 (1987); Entergy Arkansas, et. al. v. State of Nebraska, et. al., 358 F.3d. 528, 541 (8th Cir. 2004); Security and Exchange Commission v. Kopsky, 537 F.Supp.2d. 1023, 1024-25 (E.D.Mo. 2008). The Seventh Amendment states, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Constitution, Amendment VII. The Supreme Court has consistently construed the language of the Seventh Amendment to require a jury trial on the merits of all actions analogous to lawsuits entitled to a jury trial under the English common law when the amendment was adopted. Entergy Arkansas, at 541 *citing* Tull, 481 U.S. at 417; *see also*, City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 708 (1999).

  The Supreme Court has set out a two-part inquiry in order to determine whether a particular action is entitled to a jury trial under the Seventh Amendment. Firstly, the reviewing court must compare the action in question "to 18th-century actions brought in courts of England prior to the merger of the courts of law and equity." Terry, 494 U.S. at 565 *quoting* Tull, 481 U.S. at 417; Entergy Arkansas, at 541; Kopsky, at 1025 (*citing* Tull, *supra.*). Secondly, the reviewing court must "examine the remedy sought and determine whether it is legal or equitable in nature." Terry, 494 U.S. at 565 *quoting* Tull, *supra.*; Entergy Arkansas, at 541; Kopsky, at 1025 (*citing* Tull, *supra.*). The second inquiry as to the nature of the remedy sought is the more important of the two (2) inquiries. Terry, 494 U.S. at 565 *citing* Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).

Plaintiffs contend that this is a simple contract action which has historically been tried to a jury at common law. Assuming that at common law, breach of contract actions were entitled to a jury trial, "[a] collective bargaining agreement is not an ordinary contract for the purchase of goods and services, nor is it governed by the same old common-law concepts which control such private contracts." American Fed. of State, County and Municipal Employees v. City of Benton, Ark., 513 F.3d. at 881 *quoting* Transportation-Communication Employees Union v. Union Pac. RR. Co., 385 U.S. at 160. Here, the plaintiffs are seeking entitlement to benefits negotiated by other entities, presumably on their behalf. While contract principles may inform the interpretation of the CBAs at issue, and the possible remedies thereunder, this action is not like a contract action at common law as heard in the English courts of law in the 18th Century. *See*, Entergy Arkansas, at 544. This first part of the Seventh Amendment inquiry leads the Court to tentatively conclude that the circumstances of this claim do not evoke the right to trial by jury.

However, given that this determination under the first part of the Seventh Amendment analysis is only preliminary, the Court must now look at the nature of the remedy sought. Terry, 494 U.S. at 570 *citing* Granfinanciera, S.A., at 47. Plaintiffs contend that they are seeking "compensatory damages" representing the difference between the medical benefits they assert they are entitled to receive pre-2008 CBA and the 2008 CBA. Generally, an action for money damages was "the traditional form of relief offered in courts of law." Terry, 494 U.S. at 570 *quoting* Curtis v. Loether, 415 U.S. 189 (1974). The Supreme Court "has not . . . held that `any award of monetary relief must *necessarily* be `legal relief'." Terry, 494 U.S. at 570 *quoting* Curtis v. Loether, 415 U.S. at 196 (emphasis in original); Entergy Arkansas, at 546. A court in equity may grant monetary relief incidental to or intertwined with injunctive relief. Terry, 494 U.S. at 571; Tull, 481 U.S. at 424; Entergy Arkansas, at 546.

In the instant action, the plaintiffs' request for monetary damages is clearly incidental and/or intertwined with their requests for declaratory and injunctive relief. Their request for compensatory damages is entirely contingent on whether they are first found to be entitled to vested medical benefits under the CBAs and welfare benefit plans in effect at the time of their respective retirements. Reading the plaintiffs' complaint as a whole, they are primarily claiming present and future retirement medical benefits, and traditionally, such claims are viewed as equitable in nature and triable by the court. In re Vorpahl, at 322 *citing* Wardle v. Central States, Southeast & Southwest Areas Pension Fund, 627 F.2d. 820, 829 (7th Cir. 1980). As stated before, the mere fact that the plaintiffs also seek monetary damages does not mandate that this action be characterized as legal rather than equitable. Indeed, the monetary relief sought is entirely dependent upon a determination of entitlement to benefits under the CBAs in effect at the time of their respective retirements. A careful review of the plaintiffs' first amended complaint shows that the chief remedy sought by the plaintiffs is the declaration that the defendants improperly modified their retiree medical benefits provision in the 2008 CBA, and the reinstatement of the provision of their retiree medical benefits to the level allegedly required by the Employer Benefit Plan established by the 2004 UMWA-ACLTS Wage Agreement. Without this declaration and reinstatement, the plaintiffs have no claim for any "monetary damages" since the defendants' subject modification would be presumably lawful. Thus, any monetary relief turns on a determination of entitlement to 2004 benefits, and such relief is an integral part of the equitable action. The Court finds that the plaintiffs are not entitled to a jury trial, under the Seventh Amendment, on their LMRA claim.

Plaintiffs cite Rexam Inc. v. United Steel Workers of America, et al, 2005 WL 2318957 (D.Minn.) for the proposition that plaintiffs in a LMRA claim seeking both equitable relief and

damages for breach of a collective bargaining agreement are entitled to a jury even though the LMRA claim was joined with a companion ERISA claim on which plaintiffs were not entitled to a jury.  However, unlike the case at hand, the claim for monetary damages in Rexam "exceed[ed] that available for specific performance and cannot be considered incidental to the equitable relief sought." Id. at *8.  In contrast, the monetary damages claim here for past expenses incurred by individual plaintiffs -- the out-of-pocket medical expenses incurred since July of 2008 when the plan was changed -- is in fact merely incidental to the primary relief sought via the equitable claims for reinstatement of the health benefits for the entire lifetimes of the retired employees and their spouses.  As the Sixth Circuit recently held in Reese v. CNH America LLC, 574 F.3d 315, 327 (6th Cir. 2009), another case in which retirees under an ERISA health care plan sued for both equitable relief and damages, "in health benefits cases like this one, any backward-looking relief is at best 'incidental' in comparison to the primary goal of ensuring injunctive access to health-care benefits in the future. . . ," citing Golden v. Kelsey-Hayes Co., 73 F.3d 648, 661 (6th Cir. 1996).  Such "backward-looking relief," whether under an ERISA claim or a LMRA claim, is only incidental to the overreaching relief sought of reinstatement of benefits.

Finally, the parties argue extensively regarding whether the plaintiffs, in seeking monetary damages, failed during discovery to provide a "computation of each category of damages" as required by Rule 26(a)(1)(A)(iii).  Assuming that the plaintiffs did fail to comply with Rule 26(a)(1)(A)(iii), such a failure is only relevant to the issue of providing such evidence at trial.  This is not an issue relevant to an inquiry regarding a Seventh Amendment right to trial.  Whether or not the plaintiffs have met their Rule 26 obligations is an issue that will be addressed, if necessary, in consideration of the pending summary judgment motion and/or trial.  All

pleadings and exhibits filed with regard to the Rule 26 matter will be considered by the Court in reviewing the pending summary judgment matter.

In light of the above-referenced findings, the Court will grant the defendants' motion to strike jury demand [35].

Dated this 2nd day of June, 2010.

                                                                   UNITED STATES DISTRICT JUDGE