UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED MINE WORKERS OF AMERICA, ET. AL., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:08CV1777SNLJ |
| AMERICAN COMMERCIAL LINES TRANSPORTATION SERVICES, L.L.C., ET. AL. | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants'[1] motion to strike portions of the declarations of Lee Roy Mumbower, Michael Buckner, Gary Butler, Ronald Airhart, and Brian Sanson [25], filed November 27, 2009. Extensive responsive pleadings have been filed by the parties. Although this case is now considered a matter for a bench trial[2], said trial date has not yet been reset.

---

[1] Pursuant to Court Order and Memorandum #51 and #52, the remaining defendants in this cause of action are American Commercial Lines Transportation Services (ACLTS) and American Commercial Lines (ACL); as well as the remaining counts are Counts I and II of the plaintiffs' first amended complaint.

[2] Court Order and Memorandum #51 and #52, filed June 2, 2010.

Defendants assert that the subject declarations[3] are replete with objectionable testimony that violates Rule 56(e) Fed.R.Civ.P. and inadmissible under various Federal Rules of Evidence. Defendants contend that these declarations must be stricken, in whole or in part because 1) the declarants lack personal knowledge to support statements contained in the declarations; 2) the declarations improperly summarize documents already entered into evidence before the Court as part of a pending summary judgment motion record; 3) the declarations contain numerous legal conclusions, including but not limited to, interpretation of contract language, legislative intent, and case law; 4) several of the declarations contain statements that are in direct conflict with the declarant's prior deposition testimony; and 5) the declarations contain hearsay statements. Essentially, the plaintiffs contend that the declarants are offering, as lay witnesses, statements of fact, perceptions, and opinions based upon their numerous years of employment with the plaintiff UMWA (the Union) and their first hand knowledge and direct personal experience with collective bargaining agreements and contract enforcement. *See*, Plaintiffs' Memorandum in Opposition [32], pg. 7. They further argue that any statements which defendants contend contradict prior deposition testimony are only meant to "clarify" prior deposition testimony. Finally, plaintiffs argue that any statements defendants contend are hearsay are in fact not hearsay because they are not offered to prove the truth of the matter asserted.

---

[3]The subject declarations are docketed as follows:
    [23-1] Exhibit UMWA-A Lee Roy Mumbower
    [23-2] Exhibit UMWA-B Michael Buckner
    [23-3] Exhibit UMWA-C Gary R. Butler
    [23-4] Exhibit UMWA-D Ronald A. Airhart
    [23-5] Exhibit UMWA-E Brian Sanson

In evaluating the merits of a summary judgment motion, and opposition to it, affidavits[4] filed by the parties must meet the requirements of Rule 56(e) Fed.R.Civ.P. A court can "consider only admissible evidence and [must] disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact." Howard v. Columbia Public School District, et. al., 363 F.3d. 797, 801 (8th Cir. 2004 *citing* Shaver v. Independent Stave Co., 350 F.3d. 716, 723 (8th Cir. 2003). Furthermore, an affiant's belief as to certain facts may not be considered on summary judgment when that belief is not based on personal knowledge. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d. 1361, 1367 (8th Cir. 1983). An affidavit will also not be considered, or parts will be stricken, when the affiant's belief as to certain facts is not based on personal knowledge, but on hearsay statements of others. "When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." Jenkins v. Winter, 540 F.3d. 742, 749 (8th Cir. 2008) *quoting* Brooks v. Tri-Systems, Inc., 425 F.3d. 1109, 1111 (8th Cir. 2005). Thus, any affidavit (filed in support of or in opposition to a summary judgment motion) made without personal knowledge, consists of hearsay statements, and/or purports to state legal conclusions as facts must not be considered by the district court and are subject to a motion to strike.

Post-deposition affidavits are particularly subject to close scrutiny. It is well-established in the Eighth Circuit that an affidavit filed in opposition to a summary judgment motion that directly contradicts earlier deposition testimony is insufficient to create a genuine issue of material fact.

---

[4]Rule 56(e) and relevant caselaw is applicable both to formal affidavits and declarations (such as the ones filed in this cause of action).

Camfield Tires, Inc., at 1362; *see*, Popoalii v. Correctional Medical Services, et. al., 512 F.3d. 488, 498 (8th Cir. 2008).

> "If an additional affidavit simply restates information already contained in deposition testimony or elaborates on information already conveyed, then the district court should consider the affidavit. Contradictory supplemental affidavits are a different matter. We have held that `[i]f testimony under oath . . . can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment. A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.' Post-deposition contradictory affidavits are admitted only when the prior deposition testimony shows confusion, and the subsequent affidavit helps to explain the contradiction."

Popoalii, at 498 (internal citations omitted). The Eighth Circuit has cautioned, however, that district courts "must use extreme care in examining such issues and only grant summary judgment where `the conflicts between the deposition and affidavit raise only sham issues.'" City of St. Joseph, Mo. v. Southwestern Bell Telephone, 439 F.3d. 468, 476 (8th Cir. 2006) *quoting* Camfield Tires, at 1366. A reviewing court should not strike an affidavit when the affiant attests to confusion at his/her deposition or where the affiant needs to explain certain portions of his/her deposition that are unclear. City of St. Joseph, at 476.

A reviewing court should initially determine whether the deposition testimony and subsequent affidavit(s) are actually in conflict. City of St. Joseph, at 476. Consideration should then be given as to whether the deposition testimony reflects confusion on the part of the deponent/affiant, and the post-deposition affidavit is an attempt to explain the confusion or contradiction between the deposition testimony and the post-deposition affidavit(s). City of St. Joseph, at 476. Finally, the reviewing court may also examine all the circumstances surrounding the filing of the post-deposition affidavit(s), including the timing of the filing of the affidavit, in determining whether it is a sham. City of St. Joseph, at 476.

4

Upon careful consideration of the pleadings, the plaintiffs' proffered declarations, and the exhibits submitted including portions of the depositions of plaintiffs Butler and Airhart, the Court agrees with the defendants that the cited portions of the subject declarations, as contained in the defendants' Appendix A to the Defendants' Motion to Strike [26-1], shall be stricken for the reasons as contained in the motion to strike.

Several of the declarants make statements regarding the actions of the defendants, and even UMWA, based upon their "many years of employment" and holding various positions throughout their employment. However, this generalized employment history fails to provide personal knowledge as the basis for the disputed statements. For example, Mumbower states that as a UMWA representative, it was his responsibility to be familiar with documents that were exchanged between UMWA and ACLTS. He proceeds to state that certain documents were never sent to UMWA because he never saw them until they were produced in discovery. Mumbower Declaration, #23-1, ¶11. However, he retired in 2005, and admits that the ACL Medical Benefits Plan as Amended and Restated Effective Jan.1, 2003 "may have [been] transmitted . . . or one similar to it to the UMWA District 12 office. If so, then I believe that at that time representative Gary Butler would have had the responsibility for reviewing it and maintaining it in the District 12 files." Mumbower Declaration, #23-1, ¶11(d). Clearly, this is not a statement based upon personal knowledge. In his declaration, Buckner repeatedly asserts what BCOA "wanted to do", "intended to do" and/or "hoped to do"; e.g. "By requiring that each employer guarantee the benefits for life of its own former employees and their eligible family members, BCOA hoped to sharply reduce the number of `orphans' who would look to the

5

remaining coal industry employers for benefits." Buckner Declaration, #23-2, ¶15.[5] The problem is that Buckner never worked for the BCOA, thus, statements as this one are nothing more than speculation on his part. Declarant Butler, who did not participate in negotiations between UMWA and ACLTS prior to 2007 (and was not even a UMWA District Board member until 2005) has no personal knowledge of the "history" of the negotiations between UMWA and ACLTS, yet states "[A]s it had historically done, in October 2007 the UMWA brought to the table the then-current National Bituminous Coal Wage Agreement (NBCWA) of 2007, expecting that the parties would agree to the customary adoption of the provisions of the NBCWA." Butler Declaration, #23-3, ¶5. Not only does Butler lack the personal knowledge of the "history" of these negotiations, he also lacks the personal knowledge of what would be "customary" in these negotiations since he had never participated in any until August 2007. In fact, declarants Butler, Buckner, and Mumbower make numerous statements, as cited in Appendix A, regarding the acts and intentions of entities prior to the declarants' employment or negotiation participation concerning these entities.

Several of the declarants' statements are replete with legal conclusions, speculations as to another party or entity's "intent", or interpretation of contract terms. These statements are set out in Appendix A and the Court concurs that such statements are improper for a Rule 56 affidavit/declaration.

As for statements seeking to "summarize" documents presently before the Court, the Court will not strike these statements as "irrelevant" or improper under Rule 1006. Since this is now a bench trial, the Court adheres to the judicial belief that "the documents speak for

---

[5]In their motion to strike, Appendix A, and their reply brief, the defendants cite this statement as originating in ¶14 of Buckner's Declaration. In actuality, this statement is contained in ¶15 of Buckner's Declaration.

6

themselves" and will simply accord whatever weight it believes such "summaries" deserve in assisting the Court when reviewing these documents. Thus, statements wherein the sole reason for striking is "improper summary" will not be stricken; however, other statements which have "improper summary" as only one of the grounds for striking may still be stricken on other grounds.[6]

As for the alleged hearsay statements contained in the Butler Declaration, the Court has carefully reviewed same and clearly these are hearsay statements.[7] In both cases, Butler states what others (Declarant Airhart and UMWA Counsel Deborah Stern) stated to other persons concerning disputed matters in this litigation. These statements by Butler clearly are offered to prove the truth of the matter asserted; i.e. that plan documents were not given to UMWA and/or Airhart had raised certain concerns with ACLTS about pre-retirement employees (concerns that Airhart had failed to testify to in his deposition). These statements, as identified in Appendix A, will be stricken.

Finally, the Court has reviewed the statements alleged to be "sham testimony"that defendants contend contradict deposition testimony. The Court has reviewed the alleged statements as contained in the Butler and Airhart Declarations.[8] The Court has also reviewed the parties' submitted deposition testimony of Declarants Butler and Airhart. The Court agrees with the defendants that the cited statements in Appendix A are "sham testimony" which directly contradicts the declarants' deposition testimony.

---

[6] For example, Butler Declaration, #23-3, ¶5, Sentences 3, 4, and 5 will **not** be stricken; however, Sentence 6 will be stricken for lack of personal knowledge.

[7] Butler Declaration, #23-3, ¶¶12 and 18.

[8] Plaintiffs have voluntarily withdrawn Paragraph 5, Sentence 1 and Paragraph 7(in total) from the Airhart Declaration, #23-4. *See*, Plaintiffs' Memorandum in Opposition to Motion to Strike [32], pg. 10.

Although the plaintiffs contend that the declarants are simply "clarifying" their prior deposition testimony in their declarations; neither of the declarants, in their post-deposition declarations, claim confusion at the time of their depositions or any misunderstandings requiring further explanation. Rather they now attest to discussions about seniority and other disputed issues which they clearly did not remember or mention in their respective depositions. For example, both Butler and Airhart testify, in their post-deposition declarations, to the exact same conversation regarding a seniority list and its relation to Article XII, Section 4 of the 2008 CBA (Butler Declaration, ¶11 and Airhart Declaration, ¶5); yet, neither of them remembered or mentioned such a conversation in their depositions (Butler Deposition, Defendants' Exhibit 1, pgs. 184-186; Airhart Deposition, Defendants' Exhibit 2, pgs. 116-120). The Court has reviewed the other examples cited by defendants by comparing deposition testimony and the statements contained in the subject declarations, and find they all are in direct contradiction without any explanation for the difference in testimony. The fact that these declaration statements are made to in support of the plaintiffs' opposition to the defendants' pending summary judgment motion makes these statements suspect. The disputed statements, as contained in Appendix A, will be stricken.

The Court has also carefully reviewed the plaintiffs' arguments concerning admissibility pursuant to Federal Rules of Evidence 402, 701, 803, and 807. The Court finds the plaintiffs' arguments meritless.

In summary, the defendants' motion to strike shall be granted except as to Butler Declaration #23-3, ¶5 - Sentences 3, 4, and 5; Mumbower Declaration #23-1, ¶6 - Sentences 1, 2, 3, and 4, ¶8 - Sentences 4 and 5, and ¶9 - Sentences 6 and 7; Buckner Declaration #23-2, ¶4 - Sentence 5, ¶23 - Sentences 1 and 2, ¶26 - Sentence 3 as identified in Appendix A.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike [25] be and is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Dated this   15th   day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE